UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CURTIS KENNEDY WILLIAMS,

        Plaintiff,

v.                                Case No. 5:21-cv-00171-BJD-PRL

DEPARTMENT OF JUSTICE,

        Defendant.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Curtis Kennedy Williams, initiated this action by filing a pro se complaint under Bivens (Doc. 1; Compl.),[1] for the deprivation of his "right to be protected while incarcerated." See Compl. at 3. Plaintiff asserts he has encountered violence at the Coleman II United States Penitentiary ever since he entered the institution in June 2017. Id. at 4-5. He asks the Court to intervene to ensure his safety. Id. at 5. Plaintiff has not paid the filing fee or sought to proceed as a pauper.

The Prison Litigation Reform Act (PLRA) requires a district court to review all civil complaints filed by prisoners who seek "redress from a

---

[1] In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389, 397 (1971).

governmental entity." 28 U.S.C. § 1915A(a). If the court finds a prisoner submits a complaint that "fails to state a claim upon which relief may be granted," the court "shall . . . dismiss the complaint." 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e)(2)(B) (requiring a court to dismiss a civil complaint filed by a prisoner proceeding in forma pauperis if the complaint fails to state a plausible claim, regardless of whether "the filing fee, or any portion thereof . . . may have been paid").

With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

In Bivens actions, courts generally apply case law interpreting § 1983 cases. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011). For instance, just as state prisoners suing under § 1983 must do, "federal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures." Porter v. Nussle, 534 U.S. 516, 524 (2002); see also O'Brien v. Seay, 263 F. App'x 5, 8 (11th Cir. 2008) (recognizing the PLRA exhaustion requirement applies to Bivens claims). However, claims arising under Bivens are not coextensive with those arising under § 1983.

Notably, because a Bivens action is meant to have a deterrent effect on a federal actor who violates an individual's constitutional rights, the proper defendant is the individual corrections employee allegedly responsible for the harm. As such, agencies of the federal government are not cognizable defendants in a Bivens action. See F.D.I.C. v. Meyer, 510 U.S. 471, 473, 484-85 (1994). See also Horne v. Soc. Sec. Admin., 359 F. App'x 138, 143 (11th Cir. 2010) ("While a plaintiff may bring a Bivens action against a federal officer in his individual capacity, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity.").

3

Additionally, in a Bivens action, the appropriate remedy is monetary damages, not injunctive relief. See Carlson v. Green, 446 U.S. 14, 21 (1980) (recognizing Bivens extends damages remedies against individuals). See also Nalls v. Bureau of Prisons of U.S., 359 F. App'x 99, 101 (11th Cir. 2009) ("In Bivens, the Supreme Court concluded that injured plaintiffs can bring a private cause of action for damages against federal officers based on violations of constitutional rights." (emphasis added)).

Plaintiff fails to state a cognizable claim for many reasons. Not only does Plaintiff wholly fail to describe any conduct by a federal officer that amounts to a constitutional violation, he seeks solely injunctive relief, and he seeks to proceed against the Department of Justice. Even more, to the extent Plaintiff may have been the victim of abuse or violence, it appears he has failed to exhaust his administrative remedies, see Compl. at 7 (leaving blank the questions about efforts to exhaust administrative remedies), and he alleges having suffered no physical injury, but rather "mental [in]stability," id. at 5.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

5

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of March 2021.

						_____
						BRIAN J. DAVIS
						United States District Judge

Jax-6
c:	Curtis Kennedy Williams